IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDRE HUNTER, R-01100, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.    07-3062 |
| | ) |
| DR. BEN AWADA, DR. GRACIELA | ) |
| GRAMMAR, DR. SETH OSAFA, DR. | ) |
| WILLARD ELYEA, BARBARA HURT, | ) |
| ROGER WALKER, TERRI ANDERSON, | ) |
| SHERRY BENTON, KAREN HARPER, | ) |
| DONALD HULICK, WEXFORD | ) |
| HEALTH SOURCES INC., and | ) |
| KEVIN KIRKBRIDE | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**

NOW COME the Defendants, DR. WILLARD ELYEA, ROGER WALKER, TERRI ANDERSON, SHERRY BENTON, DONALD HULICK, BARBARA HURT, and KEVIN KIRKBRIDE, by and through their attorney, Lisa Madigan, Attorney General of the State of Illinois, and hereby answer and raise affirmative defenses against the allegations in Plaintiff's Complaint, stating as follows:

**JURISDICTION**

1.  Allegation: This court has jurisdiction of the plaintiff's claims of violation of federal constitutional rights under 42 U.S.C. §§ 1331(a) and 1343.

    **Answer**: The Defendants admit this allegation.

2.  Allegation: This district has jurisdiction because at least one of the defendant's lives in this district.

    **Answer**: The Defendants admit this allegation.

**PARTIES**

3.  Allegation: The plaintiff Andre Hunter, was incarcerated at Illinois River Correctional Center during the events described in this complaint.

**Answer**: Defendants admit that Plaintiff has been incarcerated at Illinois River Correctional Center since December 22, 2000.

4. **Allegation**: Defendant Dr. Ben Awada was a resident dentist at Illinois River Correctional Center dental department at times relevant to this complaint.

**Answer**: Defendants admit this allegation.

5. **Allegation**: Defendant Dr. Graciela Grammar was a dentist at Illinois River Correctional Center dental department during times relevant to this complaint.

**Answer**: Defendants admit this allegation.

6. **Allegation**: Defendant Seth Osafa was the medical director at Illinois River C.C at times relevant to this complaint.

**Answer**: Defendants admit this allegation.

7. **Allegation**: Defendant Wexford Health Sources Inc. was the health care provider for Illinois Department of Corrections at times relevant to this complaint.

**Answer**: Defendants deny that Wexford Health Sources has been the health care provider for all of IDOC institutions. Defendants admit that Wexford Health Sources was the health care provider for Illinois River Correctional Center from 3/1/04 to 7/5/05 and since 12/17/05.

8. **Allegation**: Defendant Willard Elyea was the medical director for the Illinois Department of Corrections at times relevant to this complaint.

**Answer**: Defendants admit this allegation.

9. **Allegation**: Defendant Roger Walker was the Director of the Illinois Department of Corrections at times relevant to this complaint.

**Answer**: Defendants admit that Defendant Walker has been the director of IDOC since 2003.

10. **Allegation**: Defendant Barbara Hurt was the Deputy Director of District #2 at times relevant to this complaint.

**Answer**: Defendants admit that Defendant Hurt has been Deputy Director of District #2 since 2004.

11.     Allegation: Defendant Terri Anderson was a member of the Administrative Review Board at times relevant to this complaint.

**Answer**: Defendants admit this allegation.

12.     Allegation: Defendant Sherri Benton was a member of the Administrative Review Board at times relevant to this complaint.

**Answer**: Defendants admit this allegation.

13.     Allegation: Defendant Karen Harper worked in the Illinois River dental department at times relevant to this complaint.

**Answer**: Defendants lack sufficient knowledge as to admit or deny this allegation.

14.     Allegation: Defendant Donald Hulick was the warden at Illinois River Correctional Center at times relevant to his complaint.

**Answer**: Defendants admit that Defendant Hulick was the former warden at Illinois River Correctional Center.

15.     Allegation: Defendant Kevin Kirkbride was a grievance officer at Illinois River Correctional Center at times relevant to this complaint.

**Answer**: Defendants admit this allegation

## EXHAUSTION

16.     Allegation: Plaintiff has exhausted all available administrative remedies regarding the matters described in this complaint. Copies of Plaintiff's grievance and appeal are attached to this complaint.

**Answer**: Defendants admit that Plaintiff exhausted his administrative remedies.

## STATEMENT OF CLAIM

17.     Allegation: In approximately 1998 the plaintiff had root canal treatment performed on #19 tooth. The last step in root canal treatment is to fabricate a replacement crown (also known as a cap) and cover the tooth. The plaintiff has not had a replacement crown

fabricated for #19 tooth. This caused the plaintiff's #19 tooth to deteriorate at a slow and, at times, immensely painful rate.

    **Answer**: Defendants lack sufficient knowledge as to admit or deny this allegation.

18.    **Allegation**: While incarcerated at Illinois Department of Corrections the plaintiff was told by Dr. Awada that a crown was the proper course of action to relieve ailment which plaintiff suffered from, and save the #19 tooth.

    **Answer**: Defendants lack sufficient knowledge as to admit or deny this allegation.

19.    **Allegation**: Plaintiff asked for a crown and was informed by Dr. Awada that a crown would not be fabricated per I.D.O.C. policy.

    **Answer**: Defendants lack sufficient knowledge as to admit or deny this allegation.

20.    **Allegation**: The plaintiff suffered from repeated perio abcesses caused by deterioration of #19 tooth.

    **Answer**: Defendants lack sufficient knowledge as to admit or deny this allegation.

21.    **Allegation**: The plaintiff suffered from headaches believed to be caused by deterioration of #19 tooth.

    **Answer**: Defendants lack sufficient information to admit or deny the allegations

contained in this paragraph.

22.    **Allegation**: The plaintiff experienced sleep deprivation due to extreme pain caused by deterioration of #19 tooth.

    **Answer**: Defendants lack sufficient knowledge as to admit or deny this allegation.

23.    **Allegation**: The plaintiff experienced changes in eating habits due to extreme pain on lower left side of mouth caused by deterioration of #19 tooth. The plaintiff experienced weight loss and fatigue due to said change in eating habits.

    **Answer**: Defendants lack sufficient knowledge as to admit or deny this allegation.

24.    **Allegation**: On 7/20/01 plaintiff told Dr. Grammar that #19 tooth "bothers him sometimes." Upon examination Dr, Grammar noted that plaintiff had root canal treatment administered on #19 tooth and scheduled operation to replace deteriorated filling, Filling was replaced on 10/16/01.

**Answer**: Defendants admit that Plaintiff saw the dentist on October 16, 2001. Defendants lack sufficient knowledge as to admit or deny the remaining allegations.

25.    **Allegation**: On April 3, 2004 the plaintiff went to Illinois C.C. dental department complaining of pain in #19 tooth. Dr. Awada scheduled a redo of #19 filling.

**Answer**: Defendants lack sufficient knowledge as to admit or deny this allegation.

26.    **Allegation**: On May 4, 2004, Dr. Awada operated on the plaintiff's #19 tooth, removing the old fillings and decay. Dr. Awada replaced the old filling with a new one (MOD amalgam). Dr. Awada asked the plaintiff how much time remained on hi sentence. The plaintiff responded "almost four years." Dr. Awada then told the plaintiff that because of the large filling the #19 tooth, the plaintiff needs a crown of the tooth will continue to deteriorate. The plaintiff then asked for a crown and Dr. Awada told the plaintiff a crown would not be fabricated because it was against I.D.O.C. policy. Dr. Awada told plaintiff he could either get tooth extracted or keep getting fillings until he can get out and get a crown.

**Answer**: Defendants admit that the Plaintiff saw the dentist on May 4, 2004. Defendants lack sufficient information to admit or deny the remaining allegations contained in this paragraph.

27.    **Allegation**: Approximately 10 months after plaintiff's #19 was refilled MOD amalgam began chipping away and causing pain. On 6/1/05 the pliantiff began dropping dental request slips about every 10 days requesting remedy for disintegrating filling.

**Answer**: Defendants lack sufficient knowledge as to admit or deny this allegation.

28.    **Allegation**: On 7/21/05 plaintiff saw dentist for first time since pain returned in #19 tooth. Plaintiff asked Dr. Grammar what was wrong with his tooth. Dr. Grammar spoke rather fast with heavy accent so it was hard for plaintiff to understand her reply. Plaintiff believes Dr. Grammar stated she did not know what was causing the plaintiff's pain, but that #19 needed to be refilled.

**Answer**: Defendants admit that Plaintiff saw the dentist on 7/21/05. Defendants lack sufficient information to admit or deny the remaining allegations contained in this paragraph.

29.    **Allegation**: On 8/2/05 Dr. Grammar filled plaintiff's #19 tooth. Plaintiff asked Dr. Grammar if this operation would fix tooth. Dr. Grammar said she did not know.

**Answer**: Defendants admit that the Plaintiff saw the dentist on 8/2/05. Defendants lack sufficient knowledge as to admit or deny the remaining allegations.

30.    Allegation: The filling plaintiff received on 8/2/05 did not fit right and prevented him from chewing properly. Plaintiff drank soupy oatmeal and noodles because he could not chew.

**Answer**: Defendants lack sufficient knowledge as to admit or deny this allegation.

31.    Allegation: On 8/5/05 plaintiff told Dr. Awada that pain in #19 tooth did not cease and the pain made chewing impossible. Dr. Awada informed plaintiff that filling on #19 tooth was too high and proceeded to shave it down. Dr. Awada told plaintiff he needed a crown or he would lose #19 tooth. Plaintiff asked Dr. Awada to fabricate a crown to save #19 tooth. Dr. Awada once again told plaintiff per I.D.O.C. policy, a crown would not be fabricated. Dr. Awada then told plaintiff as long as he can "manage" pain, he can continue to put off extraction and continue to put off extraction and continue to receive fillings.

**Answer**: Defendants admit that Plaintiff saw the dentist on 8/5/05. Defendants lack sufficient knowledge as to admit or deny the remaining allegations.

32.    Allegation: On 10/3/05 plaintiff noticed swelling along gumline on side of #19 tooth and greater sensitivity. Plaintiff began submitting request slips about every 7 days complaining of pain and swelling.

**Answer**: Defendants lack sufficient information to admit or deny the allegations contained in this paragraph.

33.    Allegation: On 10/28/05 plaintiff had trouble sleeping due to pain from #19 and surrounding gumline. Plaintiff signed up for sick call but was told the dentist would not be back until 10/31/05. Plaintiff signed up for sick call on the night of 10/30/05 and was referred to the dentist on 10/31/05.

**Answer**: Defendants lack sufficient information to admit or deny the allegations contained in this paragraph.

34.    Allegation: On 10/31/05 Dr. Awada examined #19 tooth along with x-ray. Dr. Awada told plaintiff he had perio abcesses (localized collections of pus, (formed by tissue disintegration and surrounded by an inflamed area) caused by furcation (gum) problems. Dr. Awada told plaintiff he desperately needed a crown to save tooth, however, I.D.O.C. policy does not allow it. Dr. Awada prescribed antibiotic and pain reliever.

6

**Answer**: Defendants admit that the Plaintiff saw the dentist on October 31, 2005. Defendants lack sufficient knowledge as to admit or deny the remaining allegations.

35.     **Allegation**: In November 2005 plaintiff wrote letters to Deputy Director Barbara Hurt, Director Roger Walker, Dr. Willard Eylea, and Wexford Health Sources Inc. pointing out his ailment, the pain he was suffering, and the unconstitutional policy in effect at I.R.C.C.

**Answer**: Defendant Hurt admits that the Plaintiff wrote a letter in March 2006. The remaining defendants lack sufficient information to admit or deny the allegations contained in this paragraph.

36.     **Allegation**: On 11/15/05 plaintiff informed Dr. Awada that pain around #19 tooth had not decreases since last visit. Perio abcesses increased in size. Dr. Awada recommended extraction. Plaintiff asked if tooth could be saved and Dr. Awada remarked "Yes, if you were to receive a crown." Plaintiff declined extraction. Dr. Awada prescribed antibiotics and pain reliever.

**Answer**: Defendants lack sufficient information to admit or deny the allegations contained in this paragraph.

37.     **Allegation**: On night of 11/18/05 plaintiff did not sleep due to excruciating pain from #19 tooth and surrounding gumline. Plaintiff subsequently went to sick call the following morning requesting immediate remedy. Plaintiff was given Tylenol.

**Answer**: Defendants lack sufficient information to admit or deny the allegations contained in this paragraph.

38.     **Allegation**: On 11/21/05 plaintiff told Dr. Awada that antibiotic and pain reliever had little effect and pain was still excruciating. Dr. Aeada agai told plaintiff a crown was needed but is not permitted per I.D.O.C. policy, and because the level of pain was no longer "manageable" extraction was the only viable option. Plaintiff agreed to extraction and asked that the operation be performed immediately. Dr. Awada told plaintiff he could only schedule an extraction, but could not say when operation would take place. Dr. Awada prescribed antibiotic and pain reliever.

**Answer**: Defendants lack sufficient knowledge as to admit or deny this allegation.

39.     **Allegation**: On 11/28/05, because level of pain had decreased and plaintiff did not want to be disfigured, he declined offer for extraction. Plaintiff was ordered by dental staff Karen Harper to sign refusal for extraction.

**Answer**: Defendants lack sufficient knowledge as to admit or deny this allegation.

40. **Allegation**: On 12/30/05 plaintiff informed Dr. Awada that pain from #19 tooth was affecting eating habits and asked for crown. Plaintiff was once again given a choice by Dr. Awada to receive repeated fillings or extract tooth, since crown was not permitted per I.D.O.C. policy.

**Answer**: Defendants lack sufficient information to admit or deny the allegations contained in this paragraph.

41. **Allegation**: On 1/3/06 plaintiff filed two grievances. The first was an emergency grievance concerning inadequate medical care plaintiff had received up to this point. The second grievance had to do with illegible medical records.

**Answer**: Defendants admit that the Plaintiff filed grievances on 1/3/06 concerning inadequate medical care and illegible medical records.

42. **Allegation**: On 1/9/06 Warden Donald Hulick determined plaintiff's grievance was not an emergency.

**Answer**: Defendants admit that Defendant Hulick's designee determined that Plaintiff's grievance about medical care was deemed not an emergency and that he should submit the grievance in the normal manner.

43. **Allegation**: On 2/2/06 Dr. Awada helped plaintiff decipher medical records.

**Answer**: Defendants lack sufficient knowledge as to admit or deny this allegation.

44. **Allegation**: Around 2/25/06, after #19 filling fell completely out of his mouth, plaintiff began experiencing sharp headaches on left side of skull. Plaintiff believes these headaches were caused by #19 tooth and began submitting requests about every 7 days requesting adequate and effective treatment.

**Answer**: Defendants lack sufficient knowledge as to admit or deny this allegation.

45. **Allegation**: On 3/7/06 Grievance Officer Kirkbride reviewed plaintiff's grievances and recommended they be denied. Plaintiff then forwarded medical treatment grievance to Administrative Review Board.

**Answer**: Defendant Kirkbride admits that he reviewed Plaintiff's grievance concerning medical care on March 7, 2006. Defendant Kirkbride admits that he

8

recommended Plaintiff's grievance be denied. Defendants admit that Plaintiff appealed his grievance to the Administrative Review Board.

46.    **Allegation**: In April, 2006 defendant Barbara Hurt responded to a second letter sent by plaintiff in March 2006, stating I.D.O.C. does not approve placement of crowns, so plaintiff's only recourse is extraction.

**Answer**: Defendant Hurt admits that she responded to Plaintiff's March 6, 2006 letter on March 15, 2006 in which she told the Plaintiff that IDOC does not approve placement of crowns. The remaining defendants lack knowledge as to this allegation.

47.    **Allegation**: On 3/24/06 plaintiff informed Dr. Awada of missing filling and headaches. Plaintiff asked Dr. Awada if crown could still save tooth. Dr. Awada told plaintiff he did need a crown but I.D.O.C. policy would not permit it. Dr. Awada once again told plaintiff if pain is "tolerable," tooth can be refilled until release, if not, then plaintiff can opt for extraction.

**Answer**: Defendants lack sufficient information to admit or deny the allegations contained in this paragraph.

48.    **Allegation**: On 4/5/06, after being informed of situation by plaintiff via certified mail, Dr. Elyea sent plaintiff a letter stating he had reviewed plaintiff's record with I.R.C.C. Health Care Unit Health Care Administrator (Dr. Seth Osafa) and together they concluded that plaintiff's dental care has been within reasonable standards.

**Answer**: Defendant Elyea admits that he sent Plaintiff a letter on April 5, 2006 in which he stated he reviewed Plaintiff's dental record with the health care administrator at Illinois River Correctional Center and found that the Plaintiff had seen a dentist a number of times. Defendant Elyea also admits that he concluded that Plaintiff's care has been within reasonable and acceptable standards. The remaining defendants lack knowledge as to this allegation.

49.    **Allegation**: On April 7, 2006 Sherry Benton recommended that plaintiff's grievance be denied. This recommendation was concurred by Director Roger E. Walker Jr. (signature was initialed by Terri Anderson.)

**Answer**: Defendant Benton admits that on April 3, 2007 she recommended that Plaintiff's grievance concerning medical care and receiving a crown be denied. Defendant Anderson admits that she acted as a designee for Director Walker. The remaining defendants lack sufficient information to admit or deny the allegations contained in this paragraph.

50.   **Allegation**: On 4/7/06 plaintiff, still missing filling, saw Dr. Awada and complained of headaches believed to be caused by #19 tooth. Dr. Awada informed plaintiff that situation had been evaluated by Dr. Funk. Dr. Awada told plaintiff that he had been informed a crown was an elective procedure. Dr. Awada gave plaintiff choice between filling and extraction.

**Answer**: Defendants admit that Plaintiff saw the dentist on 4/7/06. Defendants lack sufficient knowledge as to admit or deny the remaining allegations.

51.   **Allegation**: On 4/21/06 plaintiff informed Dr. Awada that headaches had subsided, but #19 tooth still ached and became increasingly irritated when consuming food. Upon x-ray, Dr. Awada informed plaintiff that because he did not have a crown covering #19 filling, food particles would continue to get through crack in tooth, causing furcation (gum) problems.

**Answer**: Defendants lack sufficient knowledge as to admit or deny this allegation.

52.   **Allegation**: 5/26/06, after submitting numerous request slips complaining of varying degrees of pain from #19 tooth, plaintiff was call passed by I.R.C.C. dental department and informed by Dr. Awada, upon x-ray, that #19 tooth could not be said and "no dentist in the world would prescribe any restorative treatment, let alone a crown." Plaintiff then requested extraction as soon as possible.

**Answer**: Defendants admit that Plaintiff saw the dentist on 5/26/06. Defendants lack sufficient knowledge as to admit or deny the remaining allegations.

53.   **Allegation**: On 6/12/06, after two request slips had been submitted complaining of intense pain, I.R.C.C. dental department extracted plaintiff's #19 tooth.

**Answer**: Defendants admit that Plaintiff's tooth was extracted on 6/12/06. Defendants lack sufficient knowledge as to admit or deny the remaining allegations.

54. **Allegation**: The policy of denial of restorative care for inmates in need only serves to deny inmates their 8th Amendment rights, and, amounts to cruel and unusual punishment, especially in the case of inmates who have multiple years left on their sentence, as the plaintiff had when such violations began.

    **Answer**: Defendants deny this allegation.

55. **Allegation**: That the actions of defendants Dr. Awada, Dr. Osafa, Dr. Grammar, and Karen Harper violated the plaintiff's eighth and fourteenth amendment rights when the defendants failed to provide the plaintiff with adequate medical attention to his serious medical needs.

    **Answer**: Defendants lack sufficient knowledge as to admit or deny this allegation.

56. **Allegation**: The actions of Wexford Health Sources Inc., Dr. Willard Eylea, Barbara Hurt, Terri Anderson, Sherry Benton, Donald Hulick, and Kevin Kirkbride violated the plaintiff's eighth amendment right to be free from cruel and unusual punishment and his fourteenth Amendment right to Due Process of Law when defendants knew the plaintiff was receiving inadequate medical attention to his serious medical need and failed to intervene.

    **Answer**: Defendants Eylea, Hurt, Anderson, Benton, Hulick, and Kirkbride deny

Plaintiff's Eight Amendment and Fourteenth Amendment rights were violated.

57. **Allegation**: The actions of Roger E. Walker, Jr. acting as director of I.D.O.C. and Dr. Willard Eylea acting as Agency Medical Director for I.D.O.C. violated plaintiff's right to be free from cruel and unusual punishment by sustaining policies of not providing inmates with restorative care which creates a wanton and unnecessary infliction of pain.

    **Answer**: Defendants Walker and Eylea deny violating Plaintiff's rights.

## RELIEF REQUESTED

1. Defendants deny that Plaintiff is entitled to a declaratory judgment.

2. Defendants deny that Plaintiff is entitled to injunctive relief.

3. Defendants deny that Plaintiff is entitled to compensatory damages.

4. Defendants deny that Plaintiff is entitled to punitive damages.

5. Defendants deny that any of Plaintiff's constitutional rights were violated.

6. Defendants deny that Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

Further answering and by way of affirmative defense, Defendants state as follows:

1. At all times relevant to Plaintiff's claims, Defendants acted in good faith in the performance of their official duties and without violating the Plaintiff's clearly established constitutional rights. Defendants are protected from liability by the doctrine of qualified immunity.

2. To the extent that Plaintiff has sued the Defendants in their official capacities, Plaintiff's suit is barred by the Eleventh Amendment.

3. An inmate may not seek damages for mental or emotional harm unless he first establishes a physical injury pursuant to 42 U.S.C. § 1997e(e).

Respectfully submitted,

DR. WILLARD ELYEA, ROGER WALKER, TERRI ANDERSON, SHERRY BENTON, DONALD HULICK, BARBARA HURT, and KEVIN KIRKBRIDE,

Defendants,

LISA MADIGAN, Attorney General
State of Illinois,

Jacob H. Smith, #6290790
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62706
(217) 782-9014

Of Counsel.

Attorney for Defendants,

By: s/Jacob H. Smith
   Jacob H. Smith
   Assistant Attorney General

## CERTIFICATE OF SERVICE

    I hereby certify that on June 18, 2007, I electronically filed the foregoing Answer and Affirmative Defenses with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

    Theresa M. Powell
    tpowell@hrva.com

and I hereby certify that on June 18, 2007, I mailed by United States Postal Service, the document to the following non-registered participants:

    Andre Hunter, R-01100
    Illinois River Correctional Center
    Rt. 9 West, P.O. Box 999
    Canton, IL 61520

    By:  s/Jacob H. Smith
         Jacob H. Smith, #6290790
         Assistant Attorney General
         500 South Second Street
         Springfield, Illinois 62706
         Phone: (217) 782-9014
         Fax: (217) 524-5091
         jsmith@atg.state.il.us