E-FILED
Friday, 21 December, 2007 04:21:21 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDRE HUNTER, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 07-3062 |
| Dr. Ben Awada, Dr. Graciela Grammar, Dr. Seth Osafo, Dr. Willard Elyea, Barbara Hurt, Roger Walker Jr., Terri Anderson, Sherry Benton, Karen Harper, Donald Hulick, Wexford Health Sources Inc., Kevin Kirkbride, Defendants. | ) Jury Trial Demanded |

FILED
DEC 2 1 2007
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

PLAINTIFF'S ANSWER TO DEFENDANTS
MOTION TO DISMISS FOR WANT OF PROSECUTION

NOW COMES the Plaintiff, André Hunter, pro se, and for his answer to defendants Dr. Willard Elyea, Barbara Hurt, Roger Walker Jr., Terri Anderson, Sherry Benton, Donald Hulick, and Kevin Kirkbride's motion to dismiss for want of prosecution, states as follows:

1. Plaintiff is representing himself in this action, pro se, and is unlettered in civil law and has never brought suit in federal or state court. Consequently, plaintiff misinterpreted language in Notice of Discovery Deposition to mean his presence was not required. Plaintiff did not willfully disregard defendant's Notice of Discovery Deposition.

2. After Plaintiff received copy of motion for sanctions filed by attorney for the defense David M. Walter (Court document #44) and discovered fault(by plaintiff), Plaintiff contacted David M. Walter to admit fault and reschedule deposition. Attorney for the defense stated he would like to wait until the court rules on his motion for sanctions to reschedule. Plaintiff could only affirm.

3. While the court may dismiss a lawsuit for want of prosecution, "dismissal is a very harsh sanction and should be used 'only in extreme situations, when there is a clear record

of delay or contumacious conduct, or when less drastic sanctions have proven unavailing" <u>Williams v. Chicago Board of Education., 155 F.3d 853 (7th circuit 1998)</u>(citations omitted). A single violation caused by plaintiff's ignorance of civil procedure hardly constitutes "a clear record of delay or contumacious conduct", and, to date, Plaintiff is unaware of any sanctions the court has imposed on him, drastic or otherwise.

4. Furthermore, when a party fails to appear before the officer who is to take the deposition, after being served with proper notice, the court in which the action is pending on motion may make such orders in regard to the failure *as are just*. Federal Rule of Civil Procedure 37(d) (emphasis added). If default is caused by counsel's ignorance of Federal practice,…dismissal of the action and default judgement are not justified.(1970 amendment to Fed.R.Civ.P. 37(d) as interpreted by advisory committee)

5. Plaintiff asserts that his failure to appear for scheduled deposition was due to ignorance of Federal Civil Procedure and does not justify dismissal of this case for want of prosecution.

WHEREFORE, for the reasons stated above, the Plaintiff respectfully requests this Honorable Court sees fit not to dismiss this case.

Respectfully submitted,

*/s/ André Hunter*
André Hunter
2125 B Melrose Dr.
Champaign, IL. 61820

## CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel for the opposing parties a copy of the foregoing documents by first class United States mail in a properly addressed envelope with adequate postage thereon.

The individuals served are:

Heyl, Royster, Voelker & Allen
Suite 575, National City Center
P.O. Box 1687
Springfield, IL 62705


Jacob H. Smith, #6290790
Assistant Attorney General
500 South Second Street
Springfield, IL 62706


This 20TH day of DECEMBER, 2007.

_____
André Hunter