E-FILED
Tuesday, 04 March, 2008  04:51:18 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDRE HUNTER, | ) |
| Plaintiff, | ) ) ) ) |
| vs. | ) ) |
| Dr. Ben Awada, Dr. Graciela Grammar, Dr. Seth Osafo, Dr. Willard Elyea, Barbara Hurt, Roger Walker Jr., Terri Anderson, Sherry Benton, Karen Harper, Donald Hulick, Wexford Health Sources Inc., Kevin Kirkbride, Defendants. | ) ) ) ) ) ) ) ) ) ) ) |

Case No. 07-3062

Jury Trial Demanded

## PLAINTIFF'S ANSWER TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

NOW COMES the Plaintiff, André Hunter, pro se, and for his answer to defendant's Karen Harper, Graciela Grammer, Seth Osafo, M.D.; Ben Awada, D.D.S.; and Wexford Health Sources, Inc.'s motion for summary judgment, states as follows:

Plaintiff does not dispute any material facts not mentioned in this document.

### Material Facts Being Disputed

27. A filling was not appropriate treatment for Plaintiff's dental needs on October 16, 2001. Plaintiff had root canal treatment administered around 1998. Transcript of Plaintiff's Deposition (Transcript) at 42, lines 19-24. "After root canal therapy, the tooth needs to be restored and protected, as the teeth can become more brittle. (see crowns and bonding)" Complaint, Exhibit A page 1 paragraph 3. "Several conditions necessitate covering the entire tooth surface above the gumline with a replacement crown…(one of these conditions is:)To protect thin sections of the teeth that have had root canal treatment" Complaint, Exhibit A, page 2 [Crowns and Bonding]

57. In Plaintiff's medical records regarding May 4, 2004 visit, Dr. Awada recommends Plaintiff receive crown. Complaint, Exhibit B, page 2, at 5/4/04.

61. A filling was not appropriate treatment for Plaintiff's dental needs on August 2, 2005. Plaintiff had root canal treatment administered around 1998. Transcript of Plaintiff's Deposition (Transcript) at 42, lines 19-24. "After root canal therapy, the tooth needs to be restored and protected, as the teeth can become more brittle. (see crowns and bonding)" Complaint, Exhibit A page 1 paragraph 3. "Several conditions necessitate covering the entire tooth surface above the gumline with a replacement crown…(one of these conditions is:)To protect thin sections of the teeth that have had root canal treatment" Complaint, Exhibit A, page 2 [Crowns and Bonding]

73. (a) "Several conditions necessitate covering the entire tooth surface above the gumline with a replacement crown…(one of these conditions is:) To protect thin sections of the teeth that have had root canal treatment" Complaint, Exhibit A, page 2 [Crowns and Bonding] (f) Dr. Awada only told plaintiff that a crown would not be fabricated per I.D.O.C. policy. Complaint, Exhibit B, page 2, at 12/30/05

91. Dr. Awada began recommending crown as best course of treatment on 5/4/04. Complaint, Exhibit B, page 2, at 5/4/04. When asked if a crown would save plaintiff's tooth, Dr. Awada responded "probably". Affidavit of Andre Hunter, par. 1. Dr. Awada also stated "yes, it is possible" that a crown would have prevented these bifurcation problems.

93. Dr. Awada's recommended course of treatment was a crown. Complaint, Exhibit B, page 2, at 5/4/04. Dr Awada disregarding his own recommended course of treatment for less effective treatment is tantamount to deliberate indifference.

94. The extreme pain and suffering Plaintiff experienced are the very definition of serious medical need. The fact that Dr. Awada knowingly chose and administered a less effective treatment for Plaintiff's serious medical need constitutes deliberate indifference.

A.    **Plaintiff's claim should not be dismissed**

As held in Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed. 2d 652 (1972), a pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal

pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears " 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " With this logic if plaintiff can sufficiently prove even one merit of his claim, then summary judgment should not be granted. Dr Awada was clearly deliberately indifferent to plaintiff's serious medical need when he knew the proper course of treatment, even recommended the correct treatment in medical records (Exhibit B), but intentionally administered a less effective, more painful treatment which ultimately resulted in extraction of Plaintiff's #19 tooth. In Hathaway v. Coughlin F3d 63, 68 (2 Cir. 1994) "A jury could infer deliberate indifference from the fact that the [doctor] knew the extent of Hathaway's pain, knew the course of treatment was largely ineffective, and declined to do anything more to improve Hathaway's condition."

    2.   Wexford Health Sources, Inc. and I.D.O.C. widespread practice caused constitutional deprivation. Where Woodward v. Corr. Medical Serv. Of Ill., 368 F.3d 917, 927(7th Cir. 2004) is concerned "a medical provider may be held liable under deliberate indifference for plaintiff's serious medical need 'only when it has a policy that creates conditions that infringe upon an inmate's constitutional rights'). The policy of not providing crowns to inmates in need, whether initiated or upheld by Wexford, created a condition that resulted in pain, suffering, and eventual disfigurement, thus depriving plaintiff of his 8th amendment right to adequate medical care.

    3.   Defendants are employees of Wexford, and as such have a duty to provide services or uphold policies Wexford has agreed, contractually, to provide or uphold. To say that defendants did not specifically agree to give crowns as a reason to not hold them liable is like saying a cashier is not liable for a cash-drawer that is short because he did not specifically agree to count the money *correctly*.
    Furthermore, counsel for defendants cannot predict the future, and so cannot say if crown would have saved plaintiff's #19 tooth.

C.   Defendants are not public officials and as such, are entitled to qualified immunity.

D.   Plaintiff's claim is that defendant's were deliberately indifferent to his serious medical need and, as such, violated his constitutional right to adequate health care.

WHEREFORE, the plaintiff respectfully requests this court deny defendant's Karen Harper, Graciela Grammer, Seth Osafo, M.D.; Ben Awada, D.D.S.; and Wexford Health Sources, Inc.'s motion for summary judgment.

Respectfully submitted,

_____
Andre Hunter
2125 B Melrose Dr.
Champaign, IL. 61820

## CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel for the opposing parties a copy of the foregoing documents by first class United States mail in a properly addressed envelope with adequate postage thereon.

The individuals served are:

Heyl, Royster, Voelker & Allen
Suite 575, National City Center
P.O. Box 1687
Springfield, IL 62705


Jacob H. Smith, #6290790
Assistant Attorney General
500 South Second Street
Springfield, IL 62706


This  1st  day of  March , 2008.

_____
André Hunter

STATE OF ILLINOIS            )
                             ) SS.
COUNTY OF CHAMPAIGN          )

## AFFIDAVIT

I, Andre Hunter, being first duly sworn upon my oath, depose and state as follows:

1. I asked Dr. Ben Awada on more than one occasion if a crown was the recommended course of action, to save my #19 tooth, and Dr. Awada responded "probably" on at least one occasion.

2. I asked Dr. Ben Awada what caused bifurcation problems in my #19 tooth, Dr. Awada responded stating "food and particles get in between cracks in teeth and cause infection". I also asked Dr. Ben Awada if a crown would have prevented these problems and Dr. Ben Awada responded "yes, it is possible".

3. I was not told that a crown would not save my #19 tooth, until after Dr. Awada decided it was contraindicated (by a third party who was only identified to plaintiff as Dr. Funk).

FURTHER AFFIANT SAYETH NOT.

_____
Andre Hunter